IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **VERONICA MARIE BUFORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. CIV–21–377–JFH–JAR |
| | ) |
| **KILO KIJAKAZI,** | ) |
| **Acting Commissioner of the** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Veronica Marie Buford (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's be **REVERSED** and the case **REMANDED** with instructions for Defendant to award benefits.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was forty-four years old at the time of the administrative hearing. (Tr. 586). She possesses at least a high school education. (Tr. 586). She has worked as a head waitress, gait attendant, and cashier. (Tr. 586). The claimant alleges that he has been unable to work since December 24, 2013,[2] due to limitations resulting from spondylosis of the cervical and lumbar spine, degenerative disc in cervical and lumbar spine, heart attack, ADHD, PTSD, anxiety, and panic attacks. (Tr. 276).

## Procedural History

On October 18, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Subsequently on January 31, 2012, Claimant filed an application for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After Claimant's first administrative hearing,

---

[2] During the administrative hearing, Claimant amended her alleged on-set date from July 1, 2011 to December 24, 2013, the day after ALJ B.D. Crutchfield issued an unfavorable decision on Claimant's initial 2011 application. (Tr. 109, 566).

Administrative Law Judge B.D. Crutchfield issued an unfavorable decision on December 23, 2013, finding Claimant was not disabled from June 30, 2011, the alleged onset date, through the date of the decision. On October 6, 2015, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act and for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Mary L. Everstine issued another unfavorable decision on March 16, 2018, finding Claimant was not disabled from July 1, 2011, the alleged onset date, through the date of the decision. The Appeals Council denied review, so the ALJ's written opinion was the Commissioner's final decision. *See* 20 C.F.R. § 416.1481. This Court found that the ALJ's opinion was not supported by substantial evidence and thus reversed and remanded the decision of the Commissioner for further proceedings on March 16, 2018. On November 30, 2018, Claimant again filed for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act, which the Appeals Council noted was duplicative to Claimant's October 6, 2018, claim. On remand, the Appeals Council instructed the ALJ to consolidate the claim files and issue a new decision on the consolidated claim. After an administrative hearing, ALJ Doug Gabbarad, II, ("ALJ") issued an unfavorable decision on March 17, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform light work with limitations. (Tr. 573).

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) improperly evaluating the medical opinions, (2) failing to include all functional limitations from the combination of Claimant's severe and non-severe impairments in his RFC determination, and (3) improperly adjudicating this case despite his lack of legal authority due to being improperly appointed.

### Evaluation of Opinion Evidence

In his decision, the ALJ found Claimant suffered from severe impairments of degenerative disc disease of the lumbar and cervical spine, bipolar disorder, anxiety disorder, and PTSD. (Tr. 568). He determined Claimant had the residual functional capacity to perform light work with limitations. The ALJ found that Claimant can frequently climb ramps and stairs; balance; and handle, finger, and feel bilaterally. Claimant can occasionally stoop, kneel, crouch, and crawl but never can climb ladders, ropes or scaffolds. The ALJ further limited Claimant to semi-skilled work which he defined as "work which requires understanding, remembering, and carrying out some detailed skills, but does not require doing more complex work duties." Claimant should be limited to incidental, work involved interpersonal contact with supervisors and should have no contact with

the public. The supervision Claimant does receive should be tactful, supportive, and non-confrontational. The ALJ further opined that Claimant should only have occasional, gradually introduced workplace changes. (Tr. 573)

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of small products assembler, collator operator, and routing clerk. (Tr. 587). As a result, the ALJ concluded Claimant had not been under a disability from December 24, 2013, the amended alleged onset date, through the date of his decision, April 30, 2021. (Tr. 588)

Claimant argues that the ALJ improperly evaluated the medical opinion evidence specifically as it relates to her mental impairments. Particularly, Claimant asserts that despite consistency across the medical mental opinions, the ALJ selectively picked his way through the evidence in order to find that the Claimant is disabled. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight."³ *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." *Id.* (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Id.*  Even

---

³ For claims filed on or before March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1527 and 416.927. As Claimant filed the pertinent application on December 10, 2014, this Court will apply the standards set forth in 20 C.F.R. §§ 404.1527 and 416.927.

if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. ' 404.1527." *Id.* (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* at 1300–01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. ' 404.1527(d)(2); *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." *Id.* "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Watkins*, 350 F.3d at 1301 (quotations omitted). The ALJ's rejection of Dr. Lawrence Cook's opinion did not comply with the precepts of *Watkins*.

The ALJ immediately rejected Dr. Cook's opinion, who was Claimant's treating physician and thus should have had controlling weight, by finding that his opinion was not well-supported by "medically acceptable clinical and medical

7

diagnostic techniques and tests" and by finding Dr. Cook "is not a specialist in a relevant field, such as orthopedics, pain management, or psychiatry." (Tr. 581). But, the ALJ blatantly disregarded the consistency of Dr. Cook's opinion with the other medical opinions in respect to Claimant's mental impairments. Instead, the ALJ picked evidence from each opinion that supported a finding of non-disability.

The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. *Doyle v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors in weighing any medical opinion. *Id.*; 20 C.F.R. § 416.927(d)(1)-(6). Moreover, an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007).

The ALJ's opinion itself is riddled with inconsistency. In considering the medical opinions regarding Claimant's mental impairments, the ALJ cites to evidence within a medical opinion that supports a finding of non-disability while then assigning little weight to a finding within the same opinion that would support disability or greater limitations. For example, the ALJ gives "great weight," to the opinions of State Reviewing Psychologists James Sturgis and Ryan Jones. (Tr. 584.) The ALJ even elected to accept the mental RFC of Dr. Jones. (Tr. 584). After assigning great weight however, the ALJ rejects conclusions within these opinions that support a finding of disability.

8

Particularly, the ALJ did "not give great weight to the opinion that the claimant has 'moderate' limitation in the abilities to accept instructions and respond appropriately to criticism from supervisors." (Tr. 584, Tr. 697, Tr. 718). It is evident to this Court that the ALJ chose to assign "great weight" to and to find supported by the medical records, only those findings that supported the ALJ's conclusion of non-disability. This blatant picking and choosing by the ALJ's is not consistent with established standards. As such, this Court finds that the ALJ's opinion is not supported by substantial evidence.

Claimant additionally contends that the ALJ had no legal authority to adjudicate this case because from November 16, 2017 through July 16, 2018 the Acting Commissioner Nancy Berryhill was holding office in excess of a statutorily defined limit. This argument holds no merit as Commissioner Berryhill was "properly serving as Acting Commissioner when she ratified the appointment of the [Social Security Administration] ALJs." *Dahle v. Kijakazi*, No. 22-1601, 2023 WL 2379383, at *4 (8th Cir. Mar. 7, 2023).

Despite a previous remand from this Court to properly analyze the medical opinion evidence, the ALJ once again failed to properly consider this evidence. Claimant initially filed her application for disability in 2011. In past thirteen years her claim has come before an Administrative Law Judge on three separate occasions. In this instance and for Claimant's 2015 claim, this Court has found that the ALJ's opinion was not supported by substantial evidence. In order to afford Claimant her due process rights, this Court finds that the only appropriate remedy for the ALJ's refusal to comply with this Court's orders and to follow the

established standards is to remand this case with instructions for Defendant to award benefits.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case **REMANDED** with instructions for Defendant to award benefits. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

**DATED** this 14th day of March, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**