IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERONICA MARIE BUFORD,<br><br>          **Plaintiff,**<br><br>v.<br><br>KILO KIJAKAZI,<br>**Acting Commissioner of the**<br>**Social Security Administration,**<br><br>          **Defendant.** | Case No.  21-CV-377-JFH-JAR |

## OPINION AND ORDER

Before the Court is Plaintiff Veronica Marie Buford's ("Plaintiff") Social Security Complaint. Dkt. No. 2. On March 14, 2023, Magistrate Judge Jason A. Robertson issued a report and recommendation ("R&R") finding that the final decision of the Commissioner of the Social Security Administration should be reversed and remanded with instructions that Plaintiff be awarded benefits. Dkt. No. 19. For the reasons stated, the Court ACCEPTS the R&R.

## BACKGROUND

Plaintiff commenced this action following a litany of unfavorable decisions by administrative law judges ("ALJ(s)"), culminating with an April 30, 2021, denial of Plaintiff's applications to the Social Security Administration for disability insurance benefits and supplemental security income. Dkt. No. 9 ("Admin. Tr.") at 564, *ff.*; *See also* Dkt. Nos. 2, 12. Plaintiff's applications stemmed from alleged limitations due to spondylosis of the cervical and lumbar spine, a degenerative disc in the cervical and lumbar spine, a heart attack, and ADHD, PTSD, anxiety disorder, and panic attacks. Admin. Tr. at 276.

Plaintiff's path to the subject April 30, 2021, denial, which began when she was a resident of California, is relatively complex. First, on October 18, 2011, Plaintiff filed for disability

insurance benefits under Title II of the Social Security Act [42 U.S.C. § 401, *et seq.*]. Admin. Tr. at 565. Subsequently, on January 31, 2012, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act [42 U.S.C. § 1381, *et seq.*]. *Id*. On December 23, 2013, an ALJ issued a written decision finding that Plaintiff was not disabled from the period of her alleged onset date (June 20, 2011) through the date of the decision. Admin. Tr. at 565.

On October 6, 2015, Plaintiff protectively filed another application for disability insurance benefits and supplemental security income, alleging a slightly different onset date of July 1, 2011. *Id*. On March 16, 2018, an ALJ issued another unfavorable decision finding that Plaintiff was not disabled from the new onset date of July 1, 2011, through the date of that decision. *Id*. Plaintiff requested review from the Appeals Council of the Office of Appellate Operations ("Appeals Council"), but this too was denied, rendering the ALJ's decision final. Dkt. No. 2. Separately, on November 30, 2018, Plaintiff filed another application for supplemental security benefits.

On April 15, 2019, Plaintiff commenced a civil action in the United States District Court for the Central District of California (Case No. 19-cv-2905), which resulted in a remand to the Social Security Administration with instructions for further proceedings.[1] Admin. Tr. 722-38. The Court specifically found that the ALJ erred by improperly assessing (and ultimately rejecting) the opinion of Plaintiff's examining psychologist—Dr. Gary D. Bartell, M.D. *Id*.

Following the district court's remand order, the Appeals Council instructed the ALJ to "offer [Plaintiff] an opportunity for a hearing, address the additional evidence submitted, take any further action needed to complete the administrative record, and issue a new decision." Admin. Tr. at 565. The Appeals Council also instructed the ALJ to consolidate Plaintiff's claims, some of

---

[1] At some point following the filing of the civil action, Plaintiff relocated from California to McAlester, Oklahoma, where she currently resides. *See* Dkt. No. 2 at ¶ 6.

which it deemed duplicative (*e.g.* the November 30, 2018, application), and issue a single decision. *Id*. at 566.  On March 17, 2021, the ALJ held a hearing on Plaintiff's consolidated claims, consistent with the Appeals Council's directive. *Id*. at 565.

Following the hearing, the ALJ applied the Social Security Administration's "five-step sequential evaluation process for determining whether an individual is disabled."[2] *Id*. at 566.  In doing so, the ALJ identified (at the third step) the following severe impairments: degenerative disc disease of the lumbar and cervical spine, bipolar disorder, anxiety disorder, and PTSD. *Id*. at 568. However, the ALJ determined that Plaintiff retained "the residual functional capacity to perform 'light' work as defined in 20 C.F.R. 404.1567(b) and 416.967 . . . ." *Id*. at 573.  In short, Plaintiff was not deemed "disabled" as that term is defined in the Social Security Act, and thus was not entitled to disability insurance benefits or supplemental security income.[3]  *Id*. at 588.

Plaintiff commenced the instant civil action on December 21, 2021, alleging that the decision of the Social Security Administration ("Defendant") "is not supported by substantial evidence in the record." Dkt. No. 2 at ¶ 9.  On August 10, 2022, Defendant filed a response brief in opposition to Plaintiff's Complaint.  Dkt. No. 16.  Plaintiff filed a reply brief in support of her claim on August 22, 2022.  Dkt. No. 17.

On March 28, 2023, Magistrate Judge Robertson issued an R&R recommending that the final decision of the Commissioner of the Social Security Administration should be reversed and remanded with instructions that Plaintiff be awarded benefits. Dkt. No. 19.  The magistrate found that the ALJ's rejection of the opinion of Plaintiff's treating physician—Dr. Lawrence S. Cook, D.O.—was improper.  *Id*. at 7.  Specifically, an ALJ is required to consider all medical opinions,

---

[2] *See* 20 C.F.R. § 404.1520(a)(4).

[3] *See* 42 U.S.C. §§ 416(i), 423(d) and 1614(a)(3)(A).

3

and must "give good reasons" for the weight it ultimately assigns an opinion. *Id*. at 8 (citing *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004)). Where an ALJ rejects a medical opinion outright, he or she "must give specific, legitimate reasons for doing so." *Id*. (citing *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003)). The magistrate concluded that the ALJ failed to abide by these precepts in rejecting Dr. Cook's opinions. Dkt. No. 19 at 8. ("Instead, the ALJ picked evidence from each opinion that supported a finding of non-disability."). Defendant has filed an Objection to the R&R [Dkt. No. 20], which is now before the Court.

## STANDARD OF REVIEW

When a party objects to an R&R, the Court is statutorily required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

## AUTHORITY AND ANALYSIS

In the Objection, Defendant "does not object to the Magistrate Judge's finding of reversible error," but rather to the proposed remedy, *i.e.*, the instruction to award benefits. Dkt. No. 20 at 1. Defendant's overarching argument is that under the "ordinary remand rule," the proper remedy in cases of agency error "is to remand to the agency for additional investigation or explanation." *Id*. at 5 (quoting *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002)). Defendant also notes that in recommending an award of benefits, the R&R "focused on the length of time that this matter has been pending," which the magistrate identified as thirteen (13) years. *Id*. at 4; *see also* Dkt. No. 19 at 9. Defendant asserts, however, that the magistrate "incorrectly read the record" in

4

considering Plaintiff's initial application as being filed in 2011.  *See* Dkt. No. 20 at 4 ("Here, Plaintiff applied for disability benefits in 2015 and 2019—these were the applications before the Court.").

Taken together, Defendant's position is that (i) remand for further proceedings is the ordinary and proper remedy, (ii) an additional instruction to award benefits is a rare exception to the ordinary remand rule, and (ii) the primary rationale for an exception in this case is based on an inaccurate reading of the record.

Until this point, Defendant has staunchly defended the ALJ's consideration of the evidence and conclusion that Plaintiff was not disabled during the relevant timeframe and thus not entitled to disability insurance benefits or supplemental security income.  *See, e.g.*, Dkt. No. 16 at 4 ("Substantial evidence supports the ALJ's finding that Plaintiff had the [residual function capacity] to do a restricted range of semiskilled light work"); *see also id*. at 6 ("The ALJ reasonably evaluated the medical and other opinions").  Now, however, Defendant characterizes the record as "replete with inconsistencies that cast doubt on whether Plaintiff is, in fact, disabled as defined by the Social Security Act."  Dkt. No. 20 at 2.

Even though Plaintiff has from the start asked this Court to remand *with instructions to award benefits*,[4] Defendant now "submits," for the first time, "that the record contains conflicting evidence and thus this matter should be remanded for further administrative proceedings." *Id*.  Defendant has not previously raised the "ordinary remand rule" or otherwise addressed (let alone challenged) the propriety of this Court instructing an award of benefits.  Therefore, the Court is not required to entertain these arguments.  "Issues raised for the first time in objections to the

---

[4] *See, e.g.*, Dkt. No. 12 at 16 ("An award of benefits is appropriate here due to a record that is consistent with a finding of disability under the Act since [Plaintiff's] onset date in July of 2011.").

magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). "[A]n unsuccessful party is not entitled as of right to de novo review . . . of an argument never seasonably raised before the magistrate." *Id*. (quoting *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co*., 840 F.2d 985, 990-91 (1st Cir. 1988)).

As an initial matter, the undersigned independently concludes that the ALJ's decision is flawed in multiple respects and cannot stand. Defendant's Objection concedes that the ALJ failed to analyze the evidence, particularly the medical opinions, as required. *See, e.g.*, Dkt. No. 20 at 1 (Defendant "does not object to the Report and Recommendation's finding of reversible error."); *see also id*. at 2 (noting that despite the ALJ's decision, the record is "replete with inconsistencies" and "contains conflicting evidence"). As the magistrate explained in the R&R, when deciding how much weight to give the opinion of a *treating* physician (here, Dr. Cook), an ALJ must first determine whether the opinion is entitled to "controlling weight." Dkt. No. 19 at 6. A treating physician's opinion is entitled to controlling weight if it is "well-supported by medically accepted clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." *Id*. (citing *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Watkins*, 350 F.3d at 1300.

Where an ALJ determines that a treating physician's medical opinion is not entitled to controlling weight, the ALJ must still "articulate a reason" for the finding. *Id*. Moreover, even if not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. §§ 404.1527 and 416.927." Those factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided

6

>  and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id*. at 1300-01 (citing *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001).

The "ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion," and the reasons must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave the treating source's medical opinions and the reasons for that weight." *Id*. at 1300. Similarly, "if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Id*. at 1301. The magistrate found, and this Court agrees (and Defendant's Objection concedes), that the ALJ failed to follow the above-described "sequential process," as required. *Id*. at 1300. Therefore, the Court adopts the R&R's recommendation that the ALJ's decision—and thus Defendant's denial of benefits to Plaintiff—cannot stand.

The only remaining issue, then, is whether the Court should remand for further proceedings or reverse and remand with instructions to award benefits. As noted above,[5] Defendant initially (and consistently) took the position that the ALJ properly developed the record, properly analyzed the evidence, and correctly concluded that Plaintiff was not disabled and thus not entitled to disability insurance benefits or supplemental security income. The magistrate disagreed, correctly identifying significant flaws in the ALJ's methodology and recommending that the agency decision be remanded with instructions to award benefits. Dkt. No. 19 at pp. 6-9. Only now does Defendant take the position that the record before the ALJ is "replete with inconsistencies" and

---

[5] *See* p. 5, *supra*.

"contains conflicting evidence," which the ALJ considered selectively in determining Plaintiff was not disabled and thus not entitled to benefits.  Dkt. No. 20.

Put differently, in stark contrast to Defendant's briefing before Magistrate Judge Robertson, in which Defendant full-throatedly opposed remand, Defendant now invites it.  *Id*.  Defendant's change in position is intended to avoid an order from this Court instructing that Plaintiff be awarded benefits.  *Id*.  Defendant's new arguments against an order instructing an award of benefits—the "ordinary remand rule," etc.—clearly were not before the magistrate in formulating the R&R.  As noted, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).  "[A]n unsuccessful party is not entitled as of right to de novo review . . . of an argument never seasonably raised before the magistrate." *Id*.  (quoting *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co*., 840 F.2d 985, 990-91 (1st Cir. 1988)).

The Court stresses that Defendant is not merely raising a new argument; rather, Defendant has diametrically changed position.  "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Id*.  (citing *Greenhow v. Secretary of Health & Human Servs*., 863 F.2d 633, 638-39 (9th Cir. 1988), overruled on other grounds by *United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992)).  Defendant's new position "frustrate[s] the purpose of the Magistrates Act," and, by extension, this Court's resolution of Plaintiff's challenge to the Social Security Administration's final administrative decision.  The Court must nonetheless address the matter in the condition it is received.

The Court notes that the evidence the ALJ rejected in this case was the medical opinion of Plaintiff's *treating* physician, Dr. Cook.  Dkt. No. 19 at 8.  A review of the record reveals that the

ALJ also rejected the opinion of Plaintiff's treating therapist, Gizelle Mendoza, LCSW. Admin. Tr. at 683 (referring to Mendoza, without explanation, as "a nonacceptable medical source"). The Tenth Circuit has explained, "[a]ccording to what has come to be known as the treating physician rule, the Commissioner will generally give more weight to medical opinions from treating sources than those from non-treating sources." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).[6] As noted above, "[a] treating physician's opinion is entitled to controlling weight if it is "well-supported by medically accepted clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." *Id*. (citing *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)).

First, the ALJ concluded that Dr. Cook's opinion "is not well-supported by medically acceptable clinical and medical diagnostic techniques and tests." Admin. Tr. at 581. This statement is unsupported as the ALJ neglects to "articulate a reason" for the finding. *Watkins*, 350 F.3d at 1300. Second, the magistrate observed, "the ALJ blatantly disregarded the consistency of Dr. Cook's opinion with the other medical opinions in respect to Claimant's mental impairments. Instead, the ALJ picked evidence from each opinion that supported a finding of non-disability." Dkt. No. 19 at 8. In other words, although the record contained a range of medical opinions, the ALJ chose to highlight opinions that diverged from Dr. Cook's, thus depriving his opinion of controlling weight, even though multiple consistent opinions were also in the record. *Id*.

---

[6] *See also* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.").

The record reflects that Dr. Cook, Plaintiff's treating physician, diagnosed Plaintiff with Bipolar I Disorder. Admin. Tr. at 1498-99. Gizelle Mendoza, LCSW, Plaintiff's treating therapist, similarly identified a plethora of symptoms, among them "anger outbursts" and alternating hypervigilance and lack of concentration. Admin. Tr. at 1347. Ms. Mendoza diagnosed posttraumatic stress disorder ("PTSD"). Admin Tr. at 1348. Dr. Cook also addressed Plaintiff's physical impairments, diagnosing radiculopathy, noting Plaintiff is "frequently" in pain, and stating that the symptoms are expected to last at least twelve (12) months. Admin. Tr. at 1498-99. Dr. Cook opined that Plaintiff can "rarely" look up or down and can only "occasionally" hold her head static or look left or right. Admin Tr. at 1501.

The ALJ rejected the opinions of Plaintiff's treating sources in favor of "State Agency physicians" and "State Agency psychologists." *See generally* Admin Tr. at 565-88. Regarding the State Agency physicians, the ALJ elevated their opinions despite "acknowledg[ing] that these physicians did not have a treating or examining relationship with the claimant." Admin. Tr. at 582. "However," the ALJ continued, "these physicians have program knowledge and had an opportunity to review the extant record." *Id*. Regarding the State Agency psychologists, who also did not treat or examine Plaintiff, the ALJ similarly stated: "As is the case with the State Agency reviewing physicians, the reviewing psychologists are acceptable medical sources with program knowledge and had an opportunity to review the extant record." Admin. Tr. 584.

Although the ALJ must consider all medical opinions, "the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all." *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004); *see also Williams v. Bowen*, 844 F.2d 748, 757 (10th Cir. 1988) (citing *Talbot v. Heckler*, 814 F.2d 1456, 1463 (10th Cir. 1987)) ("the opinions of physicians who have seen a claimant over a period of time for purposes of treatment are given more weight

over the views of consulting physicians or those who only review the medical records and never examine the claimant."). In accepting the consulting physicians/psychologist opinions over the opinions of Plaintiff's treating sources, the ALJ mentioned but failed to account for the extent to which those opinions were consistent. *See, e.g.*, Admin. Tr. at 580 (noting that "Ms. Mendoza's mental status examination findings are somewhat consistent with those [of] the two consultative examinations."). Moreover, as the magistrate observed, after assigning the State Agency physicians and psychologists' opinions great weight, "the ALJ rejects conclusions within these opinions that support a finding of disability." Dkt. No. 19 at 8.

Defendant argues that remand with an instruction to award benefits is improper and in conflict with the "ordinary remand rule." Dkt. No. 20 at 2 (citing *I.N.S. v. Ventura*, 537 U.S. 12 (2002)). Under the ordinary remand rule, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Ventura*, 537 U.S. at 16.

Critically, a federal district court in California has already remanded this matter once for deficiencies strikingly similar to those present here. Admin. Tr. 723-38.[7] In that case, Plaintiff argued that "the ALJ improperly assessed and rejected the opinions of [her] examining psychologist." Admin. Tr. at 730. The examining psychologist, Dr. Gary D. Bartell, "diagnosed Plaintiff with PTSD, anxiety, and persistent depressive order, noted her long history of chronic anxiety, and opined that it is unlikely Plaintiff will improve significantly over the next year." Admin. Tr. at 732. However, the ALJ gave Dr. Bartell's opinion "little weight," and instead "fully credited the State Agency reviewing psychiatrists' medical opinion over Dr. Bartell's opinion." Admin. Tr. at 733. The district court held that "the ALJ failed to provide specific and legitimate

---

[7] *V.B. v. Andrew M. Saul, Commissioner of Social Security*, United States District Court for the Central District of California, Case No. 19-cv-2905-SHK.

11

reasons for rejecting Dr. Bartell's opinion," and thus "the decision was not supported by substantial evidence." Admin. Tr. at 737.

Now, on remand, the ALJ characterizes Dr. Bartell as "an acceptable medical source," and notes that he "is board certified in psychiatry." Admin. Tr. at 583. "However," the ALJ adds, "he examined the claimant only once and did not establish a longitudinal treating relationship." *Id*. Therefore, the ALJ concludes, "great weight cannot be afforded Dr. Bartell's opinion." Admin. Tr. at 583-84. The ALJ has elevated the opinions of the reviewing State Agency physicians and psychologists over Plaintiff's treating and examining medical sources.

"When a decision of the Secretary is reversed on appeal, it is within this court's discretion to remand either for further administrative proceedings or for an immediate award of benefits." *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993); *see also Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) ("Whether or not to award benefits is a matter of [the Court's] discretion."). Under the circumstances present in this case, the Court exercises its discretionary authority to remand for an immediate award of benefits.

In *Ragland*, the Tenth Circuit remanded for an immediate award of benefits due to "the long delay that has already occurred as a result of the Secretary's erroneous disposition of the proceedings," which in that case was around three (3) years. *Id*.[8] The Court rejects Defendant's argument that the magistrate judge incorrectly read the record in considering Plaintiff's application filed in 2011. Dkt. No. 20 at 4. Assuming (but not deciding) that Defendant's timeline is correct, Plaintiff's onset date remains July 1, 2011, and Plaintiff's application has still been pending for

---

[8] In *Ragland*, the claimant's hearing before the ALJ occurred on March 30, 1990, and the Tenth Circuit's opinion was issued April 28, 1993.

roughly eight (8) years. *Id*. ("Here, Plaintiff applied for disability benefits in 2015 and 2019—these were the applications before the Court.").

Defendant's new argument for remand, which the Court is not bound to entertain, is supported in part by five (5) bullet points. Dkt. No. 20 at 3-4. Most of the bullet points refer to the opinions of agency physicians and psychologists, who reviewed Plaintiff's medical records but never treated or examined Plaintiff. *Id*.; *see also Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all.").

Of the bullet points not connected to agency physicians/psychologists, one refers to Dr. Bartell "opin[ing] that [Plaintiff] was mildly to moderately impaired by her mental conditions," and the final bullet point refers to Dr. Cook's notation that Plaintiff is "[c]apable of low stress jobs." Dkt. No. 20 at 4. The Court is not swayed by these supposedly supportive bullet points. It is telling that the ALJ largely rejected both Dr. Bartell's and Dr. Cook's opinions. *See* Admin Tr. 581 ("I do not give controlling weight to Dr. Cook's opinion); *see also id*. at 584 ("great weight cannot be afforded Dr. Bartell's opinion."). Moreover, Defendant ignores that Dr. Bartell "diagnosed Plaintiff with PTSD, anxiety, and persistent depressive order, noted her long history of chronic anxiety, and opined that it is unlikely Plaintiff will improve significantly over the next year." Admin. Tr. at 732. The bullet point pertaining to Dr. Cook acknowledges that he found Plaintiff's "pain or other symptoms were frequently severe enough to interfere with the attention and concentration required for even simple tasks," and "could lead to accidents [with] running machinery." Dkt. No. 20 at 4.

Plaintiff has been before an ALJ no fewer than three (3) times over the past twelve (12) years in connection with the physical and mental afflictions that form the basis of her present claim

with the Social Security Administration. The Court agrees with the magistrate's characterization of the ALJs as displaying a "blatant picking and choosing," which is particularly evident in the repeated elevation of the medical opinions of agency physicians and psychiatrists over those of Plaintiff's treating and examining medical sources.

As Defendant points out in the Objection, "[o]utright reversal and remand for immediate award of benefits is appropriate when additional fact finding would serve no useful purpose." *Id*. at 3 (quoting *Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989)). Here, the Court finds that remand for "additional fact finding would serve no useful purpose." Defendant has had two opportunities to properly evaluate the record evidence, and Defendant has not indicated an intention or requested an opportunity to engage in additional fact finding. *See* Dkt. No. 20. As Defendant also points out, "[o]bduracy is not a ground on which to award benefits . . . ." *Id*. at 2 (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345 (7th Cir. 2005)). The Court does not remand with instructions to award benefits for Defendant's obduracy alone, but because the record evidence is thoroughly developed yet Defendant has grossly failed on two (2) occasions to properly weigh and analyze it.

THEREFORE, the Court ADOPTS Magistrate Judge West's Report and Recommendation [Dkt. No. 19], OVERRULES Defendant's Objection to the same [Dkt. No. 20], and REMANDS this matter with an instruction that Defendant award benefits.

Dated this 18th day of December 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE